## WELLS *et al. v.* FAY & EGAN COMPANY.

1. Promoters of a corporation are personally liable on their contracts for property purchased and received by them before the corporation is chartered and organized, unless the other party agreed to look to some other person or fund for payment.
2. Acceptance by the creditor of partial payments from the corporation subsequently organized, and his prosecution of a proceeding to hold the corporation liable on the debt as being its obligation, without more, will not extinguish the promoters' liability or estop the creditor from asserting the personal liability under the circumstances stated in the previous syllabus.
3. In order for a vendee of personalty in a contract of sale, reserving title to the vendor until the full payment of purchase-money, to rescind the contract, or have an abatement in the price on account of its destruction, it must affirmatively appear that the property was destroyed without the vendee's fault.

JULY 17, 1915.

Complaint. Before Judge Walker. Wilkes superior court. June 24, 1915.

*W. A. Slaton,* for plaintiffs in error. *C. E. Sutton,* contra.

EVANS, P. J. The J. A. Fay & Egan Company brought suit against L. M. Wells et al., alleging that the defendants, under the partnership name of Ficklen Spoke & Handle Company, purchased from the plaintiff certain machinery, for which they gave their notes, copies of which were attached. Judgment was prayed for the amount claimed to be due on the notes. Four of the defendants pleaded that they were not indebted to the plaintiff, denied the alleged partnership, and averred that the Ficklen Spoke & Handle Company was a corporation. The jury returned a verdict for the plaintiff.

1. It appeared from the evidence that the defendants promoted the organization of a corporation, and on March 23, 1909, authorized the purchase of certain machinery from the plaintiff, the contract of purchase being in writing and signed "Ficklen Spoke & Handle Company, by L. M. Wells." The machinery was shipped and received by the defendants, and on June 22, 1909, the notes in suit were executed by authority of the defendants; these notes being signed "Ficklen Spoke & Handle Co., per R. K. Carruth, Sec. & Treas." Subsequently to wit, August 26, 1909, on the application of the defendants, they were granted a charter, and later perfected an organization of the corporation. These facts are not in dispute,

and their effect is to charge the defendants with liability on the notes. Persons acting in concert to bring about the formation of a corporation are responsible for their acts. Where they buy machinery, receive it into their possession, and authorize one of their number to give a note for the purchase-price, they can not escape liability on the theory that they contemplated the organization of a corporation for which they intended the machinery. If one contracts as agent, when in fact he has no principal, he will be personally liable. A promoter, though he may assume to act on behalf of the projected corporation and not for himself, can not be treated as an agent of the corporation, for it is not yet in existence; and he will be personally liable on his contract, unless the other party agreed to look to some other person or fund for payment. Clark on Contracts, § 47.

2. But it is contended, that after the corporation was formed it made certain payments on the notes, which were accepted by the plaintiff, and that the plaintiff undertook to place the corporation into a receivership because of its default in the payment of the notes, which were alleged to be its debt; and that these facts estop the plaintiff from asserting a personal liability against the defendants. Clearly the acceptance by a creditor of a partial payment from a stranger will not extinguish the balance due on the debtor's obligation. Nor do we see how the plaintiff's efforts to collect its debt from the corporation will serve to release the defendants. The pleadings in that case are not in the record, and for aught we know the plaintiff was attempting in that suit to fix the corporation's liability on the ground that it had adopted the contract of the promoters after its organization. There is nothing in the evidence which will afford an inference that the plaintiff released the defendants from their contract.

3. It was disclosed at the trial that the machinery was destroyed by fire. In the written contract of sale it was stipulated that the title should remain in the vendor until full payment of the purchase-price. Though not pleaded, nevertheless it is urged in the argument that, under the statute (Civil Code of 1910, § 4123), the destruction of the property by fire discharges the debt. This code section reads: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase-money, and the property is lost, damaged, or destroyed without the vendee's

fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale." The complete reply is, that the evidence does not show that the property was destroyed without the vendee's fault. All that the brief of evidence discloses concerning the destruction of the property is the bare fact that it was destroyed by fire.

*Judgment affirmed. All the Justices concur.*