### 16080. HILL, for use, etc., *v.* FRYER.

LUKE, J. 1. Where the vendor of cattle retains the title thereto until payment in full of the purchase-money, without any stipulation touching the loss, damage, or destruction of the property, and, before payment of the purchase-money, the property or a part thereof is lost without the vendee's fault, and the vendor thereafter sues the vendee for purchase-money, in order for the vendee to avail himself of this fact as a defense, it must affirmatively appear that the property was lost or destroyed without his fault. *Wells* v. *Fay & Egan Co.,* 143 *Ga.* 732 (3) (85 S. E. 873).

2. It appearing in the present case that the cattle were in the custody of a third person at the time of the conditional sale, and that they remained in his custody until converted by him to his own use, each contracting party contending that the custodian was the agent of the other, and the contract itself being silent both as to time and place of delivery and as to such custodian, parol evidence tending to show that the custodian was the agent of the vendor alone was not subject to the objection that it sought to add to, take from, or vary the written contract in question. Civil Code 1910, §§ 4268, 5788; *Shiels* v. *Stark,* 14 *Ga.* 429 (4).

3. Upon the controlling issues the evidence was conflicting, presenting questions for determination by the jury. The charge of the court was sufficiently full and fair; and the verdict of the jury, having the approval of the trial judge, can not be disturbed by this court.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED MARCH 3, 1925.

Complaint; from Early superior court—Judge Yeomans. October 10, 1924.

*A. H. Gray, Homer Beeland,* for plaintiff.

*Glessner & Collins,* for defendant.