27144. JACOBS PHARMACY COMPANY, INC. v. RICHARDS & ASSOCIATES, INC. et al.

ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972—
REHEARING DENIED MAY 18, 1972.

*Glover & Davis, Welborn B. Davis, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., Rosemary Kittrell,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, E. Ray Lanier, Sanders, Mottola, Haugen, Wood & Goodson, Byron H. Mathews, Jr., Charles Van S. Mottola,* for appellees.

MOBLEY, Chief Justice. This appeal is from the denial of an interlocutory injunction.

Jacobs Pharmacy Company, Inc., brought an action against Gibson Products Co. of Newnan, Georgia, Inc., and Richards & Associates, Inc. It was alleged: Jacobs leased a store building from Richards in a retail shopping center known as the Greenville Street Shopping Center. The original lease was executed in 1956, and amendments thereto were executed in 1966. Paragraph 20 of the lease provides that Richards will not rent any other building or store

in the shopping center to be used as a drug store. After the execution of the original lease, Richards acquired additional land immediately adjoining the tract of land composing the shopping center. In the summer of 1970, Richards entered into a lease agreement with Gibson leasing to it a store building to be constructed on this later acquired tract. This tract is an integral part of the shopping center in which the building leased to Jacobs is located. Gibson opened its business the latter part of 1970, and at that time did not maintain a drug department, but it is beginning the construction of a department for that purpose. The operation of a competitive drug store in the shopping center would materially damage Jacobs' business, and the harm would be of a continuing nature, and irreparable. Jacobs prayed for temporary restraining order and permanent injunction to prevent the construction or operation of a drug store by Gibson.

1. The appellant Jacobs enumerates as error the denial of an interlocutory injunction because it was not based upon any findings of fact or conclusions of law by the trial judge. The order denying the interlocutory injunction was entered January 27, 1972. On March 14, 1972, the trial judge entered his findings of fact and conclusions of law, as shown by certification of the clerk of the trial court, on request of this court to send up additional record.

*Code Ann.* § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; Ga. L. 1970, pp. 170, 171) requires that a trial judge in granting or refusing interlocutory injunction "set forth the findings of fact and conclusions of law which constitute the grounds of its action." Clearly, it was the legislative intent that these findings be made prior to the rendition of the judgment, and not after the expiration of the time for appeal.

The absence of findings would not require a reversal of the judgment, but only a remand of the case for such findings, as was done by the Court of Appeals in *Spivey v. Mayson*, 124 Ga. App. 775 (186 SE2d 154). Since the trial judge made findings on March 14, 1972, we will consider

these findings, rather than to remand the case, in order to avoid delay in a decision of the case.

2. The courts of this State will enforce by injunction a restrictive covenant in a lease contract wherein a lessor agrees that he will not lease other property owned by the lessor for the purpose of conducting therein a business competitive with the business of the lessee. *Rosen v. Wolff,* 152 Ga. 578 (110 SE 877).

The appellant relies on paragraph 20 of its lease with Richards for its right to enjoin the operation of a drug department in Gibson's store located on property owned by Richards. This paragraph provides in part: "Lessor agrees that during the term of this lease, or any renewal thereof, it will not build for, or rent to, any concern, person, corporation or business any building or store, in the shopping center in which these premises are located, which would be used as a drug store, . . ." The property leased is described as: "Store building, 48 feet by 120 feet, located in a shopping center development at 72 Greenville Street, in City of Newnan, Coweta County, Georgia, and as indicated on the Plat of said development, dated May 13, 1955, which is attached hereto, and made a part hereof."

The building occupied by Gibson is on property leased by Richards in 1970 to five individuals, and the property is described in the lease as "#78 and #80 Greenville Street, being adjacent to and south of the existing Newnan Shopping Center at 72 Greenville Street." There is no dispute that this property was not included in that shown by the plat attached to the lease of Jacobs as being a part of the original shopping center.

It is contended by the appellant that the property on which the Gibson store is located is an extension of the shopping center in which the appellant's store is located, and that it has become so integrated with the original shopping center as to become a part of it. The appellant introduced evidence showing that one vehicular driveway furnishes the only access to the rear of any of the stores; that there is a single paved parking area serving the stores

in the original shopping center and the Gibson store; that pedestrians and vehicles move freely back and forth between the area in front of the Gibson store and the area in front of the other stores; that only a service driveway separates the two areas; and that people commonly refer to the entire area, including the Gibson store, either as the Greenville Street Shopping Center or the Newnan Shopping Center.

The appellant relies on what it designates as "dictum" in a case by the Court of Appeals (*Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (161 SE2d 901)), and on authorities from other jurisdictions, to support its contention that the restrictive covenant in its lease with Richards should be held to apply to the adjoining property subsequently acquired by Richards. Cases on this point from other jurisdictions are discussed in 97 ALR2d 1 et seq.

Under the terms of the lease contract between Richards and Jacobs, the restrictive covenant applies only to a plainly delineated shopping center. There is no language in the lease which would extend the restrictive covenant to later acquired adjoining property, and there is no ambiguity in the description of the property composing the shopping center. The fact that the public may use the original shopping center and the property later acquired by Richards as one shopping center, and consider the whole shopping area as one center, is not determinative of the intention of the parties at the time the lease was entered into concerning the limits of the shopping center in which the restrictive covenant applies. *Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773, supra.

The trial judge did not err in denying interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

JORDAN, Justice, dissenting. I respectfully dissent from the majority opinion on the basis that the subdivision owner who subsequently acquires adjoining property and so integrates such adjoining property as to make it a part of

the original shopping center makes such property subject to the restrictive terms of the lease here involved. See *Village Enterprises v. Ga. R. Bank &c. Co.,* 117 Ga. App. 773 (161 SE2d 901), Headnote 4 for outside authority holding to this view.