27463. ATLANTA COUNTRY CLUB, INC. et al. v. SANDERS.

ARGUED SEPTEMBER 13, 1972 — DECIDED JANUARY 4, 1973 — REHEARING DENIED FEBRUARY 9, 1973.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr., McDonald, Dupree & Rodriguez, John H. Moore, Duard R. McDonald, King & Spalding, Daniel J. O'Connor, Jr., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks,* for appellants.

*J. M. Grubbs, Jr., Adele Platt,* for appellee.

GRICE, Presiding Justice. This appeal is from the grant of an interlocutory injunction by the Superior Court of Cobb County in favor of Gerald E. Sanders and against Atlanta Country Club, Inc., Atlanta Country Club Estates, Inc., and Fred N. Brown, individually and doing business as Fred N. Brown & Associates.

The litigation is over the use of a road.

In his complaint Sanders alleged that he had purchased a home from Atlanta Country Club Estates and that prior thereto there was a dirt easement for tradesmen's use to Atlanta Country Club. He alleged that this easement had been enlarged and paved by Brown so that it now encroached on his property. He also alleged that the roadway was in violation of Cobb County ordinances and protective covenants of Atlanta Country Club Estates, Inc.; that it was dangerous, noisy, a nuisance, and used by patrons of the club in stated undesirable particulars. The complaint prayed for injunctive relief against its illegal use, that it be closed, and for damages.

After a hearing at which evidence was presented, the trial court entered a judgment which (1) enjoined the defendants from utilizing more than a 15-foot width ingress and egress area of the disputed road; (2) ordered that its use be restricted to service personnel of the country club; that it be locked to insure this; that it be prominently marked "Service Personnel Only"; and (3) allowed it to be left open only during the "Atlanta Classic" golf tournament.

The appeal is from this judgment.

From a consideration of the record, it is apparent that there are but three issues raised by the appellants. They are in essence the following: (1) whether the judgment complained of is void because the trial judge failed to make findings of fact and conclusions of law as required by Code Ann. § 81A-152 (a); (2) whether the judgment was void because it was mandatory and thus in violation of Code § 55-110; and (3) whether the trial court abused its

discretion in granting the interlocutory injunction.

1. There is no merit in the contention with reference to the findings of fact and conclusions of law. In *Jacobs Pharmacy Co. v. Richards & Assoc.,* 229 Ga. 156 (189 SE2d 853), this court had before it a similar question. There, as here, such findings and conclusions were not entered at the time the judgment was entered, but were subsequently made and transmitted to this court. Under the circumstances here this did not invalidate the judgment complained of.

2. The injunction was not void as being mandatory. The General Assembly in adopting the Civil Practice Act expressly repealed Code § 55-110, which forbade mandatory injunctions. Ga. L. 1967, pp. 226, 244, Sec. 40 (f).

3. Lastly, the issue dealing with whether the evidence was sufficient to support the judgment granting the injunction is also without merit. A study of the evidence shows clearly that the trial court did not abuse its discretion in this regard. From the evidence relating to the use of the road, the trial court was authorized to grant the interlocutory injunction in order to preserve the status quo pending a trial on the merits. See in this connection *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 223 Ga. 784 (158 SE2d 248).

We find no error in the proceedings. Therefore, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*