28227, 28278. WARREN et al. v. WALTON (two cases).

ARGUED SEPTEMBER 12, 1973 — DECIDED DECEMBER 3, 1973.

*Jordan D. Luttrell, Harold Sheats,* for appellants.
   *George Lawrence,* for appellee.

GRICE, Presiding Justice. The controlling issue in these two appeals is whether a local Act is unconstitutional because it is in violation of the Home Rule Amendment to the Georgia Constitution.

J. T. Walton, as Sheriff of Hancock County, filed a petition for the writ of mandamus in the Superior Court of that county against Johnny Warren, George Lott and Dwain Andrews, as members of

the Board of Commissioners of Roads and Revenues of Hancock County.

The complaint alleged in material part that the General Assembly of Georgia at the 1973 Session enacted House Bill No. 867, Act No. 574 (Ga. L. 1973, p. 3237), which was approved by the governor on April 17, 1973, a copy attached and incorporated by reference; that this Act authorized the Sheriff of Hancock County to appoint a chief deputy sheriff and three other deputy sheriffs at specified salaries; and that in pursuance of this authority the sheriff appointed three named deputies effective May 1, 1973.

The complaint further recited that the above Act directed the governing authority of Hancock County, the defendant Commissioners, to furnish the Sheriff with two radio equipped automobiles for his use in the performance of his official duties, and in particular for the use of the deputy sheriffs in the performance of their duties; that the Sheriff has repeatedly demanded that the defendants furnish him and the deputies these automobiles but they have refused to comply; that he has been prevented from carrying out his official duties and unable to provide police protection to the people of Hancock County because of this refusal; that he does not have funds available from any other source to provide the needed automobiles; and that the defendants should be required by mandamus to furnish them.

In response the defendants filed an answer denying the essential allegations and asserting that the complaint failed to state a claim upon which relief could be granted because the local Act was unconstitutional and in conflict with Art. XV, Sec. II-A, Par. II of the Georgia Constitution (Code Ann. § 2-8403) in that it attempts to direct the Board of Commissioners of Hancock County to undertake certain actions which are left to the discretion of the Commissioners under the constitutional provision; and because the Act refers to more than one subject matter. The answer further stated that the defendants had adopted resolutions pursuant to which they would consider and vote upon repeal of Section 1 of the Act, and that upon repeal the petitioner would have failed to state a claim upon which relief could be granted.

By amendment the defendants urged that the petition failed to state a claim for relief because the local Act conflicts with a general law, Code § 23-701, which places the power of disposition of county property in their hands.

Upon a hearing and consideration of evidence on May 29, 1973, the trial court ordered that mandamus be made absolute and

judgment entered requiring the defendants to furnish the Sheriff with two radio-equipped automobiles to be used by him and his deputy sheriffs in the performance of their official duties.

A week later the Sheriff and his three deputies brought a second mandamus petition in which it was demanded that the commissioners pay the salaries of the deputies as set by the local Act, which were due and payable on May 31, 1973, thereunder; and that the additional automobile expenses of the Sheriff provided by the Act also be paid.

Another petition was also filed by these parties seeking injunctive relief against the illegal repeal of the local Act which had been initiated by the Commissioners pursuant to the procedures set forth in the Home Rule Amendment (Code Ann. § 2-8402 (b)).

These petitions were consolidated for hearing.

On July 3, 1973, the trial court again granted mandamus absolute, requiring the Commissioners to pay the salaries of the deputies and the additional expense monies demanded by the Sheriff, and that the deputies put up bond in the event their payment was illegal. The Commissioners were also enjoined from attempting to repeal Section 1 of the local Act.

The Commissioners have appealed all three judgments.

In appeal Number 28227, involving furnishing of the automobiles, the sole enumeration of error is that the trial court erred in issuing the mandamus because the local Act upon which it is based (Ga. L. 1973, p. 3237) is in violation of Art. XV, Sec. II-A, Par. II of the Georgia Constitution; and as a consequence, under Art. XII, Sec. I, Par. IV and Art. I, Sec. IV, Par. II of our Constitution (Code Ann. §§ 2-8004 and 2-402), the local Act is void.

Appeal Number 28278 concerns the mandamus ordering payment of deputies' salaries and additional Sheriff's expenses, and injunction of the attempted repeal of the local Act. The first enumeration of error is identical to that in Appeal Number 28227 above. The others are that the trial court erred in not making findings of fact and stating separate conclusions of law in issuing the injunction as required by Code Ann. § 81A-152; in issuing the injunction; and in interpreting the local Act to permit the Sheriff to fix salaries thereunder.

Section 1 of the local Act complained of provides as follows:

"Section 1. An Act placing the sheriff, ordinary and clerk of the Superior Court of Hancock County on an annual salary in lieu of the fee system of compensation, approved February 18, 1964 (Ga.

Laws 1964, p. 2088), as amended by an Act approved March 21, 1968 (Ga. Laws 1968, p. 2534) and an Act approved March 27, 1972 (Ga. Laws 1972, p. 3193), is hereby amended by striking Section 2 in its entirety and inserting in lieu thereof a new Section 2, to read as follows:

"Section 2. (a) The Sheriff of Hancock County shall receive an annual salary of $9,000.00 per annum, to be paid in equal monthly instalments on the last business day of each calendar month from the funds of Hancock County.

"(b) The sheriff shall be personally responsible for furnishing an automobile to be used by him in the performance of his duties, and the sheriff shall be compensated for said automobile in the amount of $5,000.00 per annum, to be paid in equal monthly instalments on the last business day of each calendar month from the funds of Hancock County. The Sheriff shall be responsible for the operating expenses, insurance, maintenance and replacement of said automobile.

"(c) The sheriff is hereby authorized to appoint a chief deputy who shall receive a salary not to exceed $7,000.00 per annum, payable in equal monthly instalments on the last business day of each calendar month from the funds of Hancock County. The sheriff is hereby authorized to appoint three other deputies who shall each receive a salary not to exceed $6,000.00 per annum, payable in equal monthly instalments on the last business day of each calendar month from the funds of Hancock County.

"(d) The governing authority of Hancock County is hereby authorized and directed to furnish the sheriff with two radio-equipped automobiles to be used by the sheriff in the performance of the official duties of his office. The governing authority shall be responsible for the operating expenses, insurance, maintenance, and replacement of said vehicle."

Section 2, which is not in issue here, provides for an increase in salary for the Ordinary and Clerk of the Superior Court of Hancock County, and authorizes the clerk of the superior court to hire a secretary.

■ We conclude that Section 1 of Ga. L. 1973, p. 3237 is not in violation of the Home Rule Amendment to the Georgia Constitution.

The appellant Commissioners argue in essence that Art. XV, Sec. II-A, Par. II (Code Ann. § 2-8403), which authorizes the governing authority of each county "to fix the salary, compensation and expenses of those employed by such governing authority . . . ,"

empowers them to fix the salaries and expenses of the Sheriff and his deputies.

We do not agree. In our view, the office of sheriff is specifically exempt from Home Rule under Art. XV, Sec. II-A, Par. I (c) 1 (Code Ann. § 2-8402 (c) 1).

That provision recites in pertinent part as follows: "The power granted to counties . . . shall not be construed to extend to the following matters . . ., but such matters shall be the subject of general law, *or the subject of local Acts of the General Assembly* to the extent that the enactment of such local Acts is otherwise permitted under this Constitution: 1. Action affecting any elective county office, the salaries thereof, or the personnel thereof, except the personnel subject to the jurisdiction of the county governing authority." Code Ann. § 2-8402 (c) 1, supra. (Emphasis supplied.)

The office of sheriff is elective. This court has previously held that a sheriff is a county officer. *Cole v. Holland,* 219 Ga. 227 (132 SE2d 657). The General Assembly is clearly charged with the responsibility of fixing the compensation of county officers. *Houlihan v. Saussy,* 206 Ga. 1 (55 SE2d 557); *Barnett v. Boling,* 214 Ga. 401 (105 SE2d 312).

Moreover, deputy sheriffs are personnel of the sheriff as contemplated by the above quoted constitutional provision.

By statute, "Sheriffs are authorized in their discretion to appoint one or more deputies, from whom they must take a bond with sureties." Ga. L. 1799, Cobb 575, as amended (Code Ann. § 24-2811).

Also, sheriffs are required to give a bond "conditioned for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailors . . ." Ga. L. 1799, Cobb 575, as amended, Ga. L. 1965, p. 448 (Code Ann. § 24-2805). Sheriffs' bonds are payable to the governor, as required of all public officers unless otherwise provided by law (Code § 89-402); but deputies must give bonds to the sheriff, whose agent they are (Code Ann. § 89-426).

Furthermore, this court has recognized that "Deputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge. *Board of Commissioners of Richmond County v. Whittle,* 180 Ga. 166 (178 SE 534)." *Drost v. Robinson,* 194 Ga. 703, 710 (22 SE2d 475).

In *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117) this court stated that "The office of sheriff carries with it all of its common-law duties and powers, except as modified by statute. *Elder v. Camp,* 193 Ga. 320 (5) (18 SE2d 622). Statutes in derogation of the common law must be strictly construed. [Cits.] Both under the rule

of the common law and the statute law of force in this State, sheriffs are not restricted in their right to employ and discharge their deputies and employees, and any limitation or restriction which now applies to only one sheriff in this State must be strictly construed, and no powers or rights will be given to the reviewing or limiting authority except those definitely and positively granted by the General Assembly."

On the other hand, "It is well settled that the powers of the county commissioners are strictly limited by law, and they can do nothing except under express authority of law. *Turner v. Johnston,* 183 Ga. 176, 177 (187 SE 864)." *Nelson v. Wainwright,* 224 Ga. 693, 694 (164 SE2d 147).

The key language in the constitutional provision relied upon by the appellants (Code Ann. § 2-8403, supra) is "authorized to fix the salary, compensation and expenses of those *employed by* such governing authority." (Emphasis supplied).

Thus it is clear from the above cited authority that this language, without other legislation empowering the County Commissioners to *employ* the sheriff and deputy sheriffs, cannot be construed in the manner urged by the appellants.

It follows that the salary and expenses of the sheriff, the salaries of the deputies and the radio-equipped automobiles for their use constitute "action affecting [an] elective county office, the salaries thereof, or the personnel thereof," and that as such they are not subject to the jurisdiction of the county governing authority.

Therefore, the trial court properly granted both petitions for mandamus requiring the appellants to provide the two radio equipped automobiles and to pay the salaries of the deputies and the additional automobile expenses demanded by the sheriff.

■ The appellants' contention that the order granting an injunction issued by the trial court should be vacated and remanded since that court failed to make findings of fact and conclusions of law as required by the Civil Practice Act (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171; Code Ann. § 81A-152 (a)) is not valid.

Where, as here, such findings and conclusions were not entered at the time the judgment was entered, but are subsequently made and transmitted to this court, the judgment complained of will not be invalidated. *Jacobs Pharmacy Co. v. Richards & Asso.,* 229 Ga. 156 (189 SE2d 853); *Atlanta Country Club v. Sanders,* 230 Ga. 146 (195 SE2d 893).

■ Finally, the appellants argue that if the local Act is found to

be constitutional, its failure to specify who may fix the deputies' salaries suggests that they should be fixed by the County Commissioners.

This argument is not sustained by the authorities cited in Division 1. The authority of the sheriff to appoint, employ and fix the salaries of his deputies is inherent under common law and statutes in derogation thereof must be strictly construed. In the absence of express language to the contrary the construction of the local Act here must be that the legislature intended that the sheriff set the salaries.

We find no error for any reason assigned.
*Judgments affirmed. All the Justices concur.*