50521. WIGGINS et al. v. DARRAH.

PANNELL, Presiding Judge.

This case is before this court on appeal from a judgment against the contractors, appellants, brought by the appellee, seeking damages for the alleged breach of contract. The complaint in Paragraph 5 alleged that on November 29, 1971, defendant, Multiple Services, Inc., was incorporated by order of the Superior Court of DeKalb County, Georgia. Paragraph 6 alleged that the

---

defendants, William M. Kennedy, Dorothy Wiggins, and Harry Wiggins, were named as the members of the board of directors of said corporation at the date of incorporation. Paragraph 8 alleged that the above-named individuals entered into a contract with the complainant, using the name, Multiple Services, Inc. All of these allegations were admitted by the defendants. The defendants denied a breach of the contract but claimed that the complainant breached the contract and counterclaimed for damages. The case was submitted to the trial judge without the intervention of a jury and he entered judgment in the amount of $13,000 against the defendant and in favor of the plaintiff. A motion to dismiss the appeal was filed by the appellee. *Held:*

1. The motion to dismiss the appeal is denied.

2. The trial judge, after the filing of the notice of appeal from the judgment entered, "amended" the judgment by adding findings of fact and conclusions of law pursuant to the Act of 1969 (Ga. L. 1969, p. 645, as amended; Ga. L. 1970, p. 170; Code Ann. § 81A-152 (a)). Pretermitting the question of whether the judgment appealed from could have at that time been amended, the court cost not having been paid (see, *Phillips Broadcast Equipment Corp. v. Production 70's, Inc.,* 133 Ga. App. 765 (1) (213 SE2d 35)) but treating the purported "amendment" merely as findings of fact and conclusions of law subsequently entered of record, we see no necessity to reverse and remand for such purpose as was done in *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). See, *Warren v. Walton,* 231 Ga. 495, 500 (2) (202 SE2d 405).

3. The individual defendants having admitted the allegations of Paragraphs 5, 6 and 8 of the complaint cannot now contend they are not liable for any damages for the alleged breach of the contract.

"Persons acting in concert to bring about the formation of a corporation are responsible for their acts. Where they buy machinery, receive it into their possession, and authorize one of their number to give a note for the purchase-price, they can not escape liability on the theory that they contemplated the organization of a corporation for which they intended the machinery. If one contracts as agent, when in fact he has no principal, he

will be personally liable. A promoter, though he may assume to act on the behalf of the projected corporation and not for himself, can not be treated as an agent of the corporation, for it is not yet in existence; and he will be personally liable on his contract, unless the other party agreed to look to some other person or fund for payment. Clark on Contracts, § 47." *Wells v. Fay &c. Co.,* 143 Ga. 732, 744 (85 SE 873); *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236 (124 SE2d 311).

4. The evidence was sufficient to authorize the finding of the breach of contract and the amount of the damages assessed.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED APRIL 8, 1975 — DECIDED JUNE 24, 1975 — REHEARING DENIED JULY 22, 1975 —

*Harrison & Garner, G. Hughel Harrison,* for appellants.

*Starkey, Benham & Mills, Tom Benham,* for appellee.