52596, 52597. PEACHTREE MORTGAGE CORPORATION v. NORTHSIDE REALTY ASSOCIATES, INC.; and vice versa.

McMURRAY, Judge.

This is a suit for damages based upon an alleged breach of contract. The contract consists of an offer by the mortgage corporation in the form of a commitment letter to make two million dollars in FHA and VA loans at a discount of five percent to be made at the maximum

interest rate permissible by FHA or VA at the time of settlement. The offer also stated that in the event two million dollars of FHA and VA loans were not delivered to the mortgage corporation by the dates set forth therein "a fee of 1% of the undelivered portion will be paid" to it. This offer was dated on the 7th of September, 1973, and accepted on the 11th of September, 1973. The real estate mortgage market practically disappeared and the question of whether any loans were made was not definitely determined. Peachtree Mortgage Corporation sued Northside Realty Associates, Inc. for $20,000 representing the 1% fee set forth in the offer and acceptance.

The case came on before the court without a jury, and at the close of plaintiff's evidence defendant moved to dismiss. The court held plaintiff failed to carry the burden of proving the defendant was under any obligation to pay plaintiff the sums prayed for, and dismissed with prejudice. This order was dated and filed the 3rd day of December, 1975. Thereafter findings of fact and conclusions of law were completed and signed on the 23rd of December, 1975, and filed in the clerk's office on the 29th of December, 1975. Motion for new trial and rule nisi dated the 2nd day of January, 1976, was filed on January 5, 1976, and thereafter amendments to the findings of fact and conclusions of law were made on the 8th of January, 1976. Defendant moved to dismiss the motion for new trial because it was filed over 30 days after the final judgment.

The motion for new trial was amended; motion to dismiss was denied; and motion for new trial was denied on its merits. Plaintiff appeals, and by cross appeal defendant appeals the denial of the motion to dismiss the motion for new trial. *Held:*

1. In an action tried before the court without a jury and upon completion of plaintiff's evidence the court, as trier of facts, may sustain a motion to dismiss on the ground that upon the facts and the law plaintiff has shown no right to relief. But the court is required to make findings of fact and conclusions of law in such cases. Code Ann. §§ 81A-141 (b), 81A-152 (a) (§§ 41 and 52, CPA); *Bennett Iron Works, Inc. v. Underground Atlanta, Inc.,* 130 Ga. App. 653, 655 (204 SE2d 331).

Our appellate courts have held in *Jacobs Pharmacy Co. v. Richards &c., Inc.,* 229 Ga. 156, 157 (1) (189 SE2d 853); *Warren v. Walton,* 231 Ga. 495, 500 (2) (202 SE2d 405); *Atlanta Country Club v. Sanders,* 230 Ga. 146, 148 (1) (195 SE2d 893); *Wiggins v. Darrah,* 135 Ga. App. 509, 510 (2) (218 SE2d 106), that a final judgment which requires but does not contain findings of fact and conclusions of law pursuant to the Act of 1969 (Ga. L. 1969, p. 645, as amended; Ga. L. 1970, p. 170; Code Ann. § 81A-152 (a)) may be amended by the lower court at any time to meet the objections when same is consequently entered of record. But our courts have likewise held that where cases are remanded where they failed to contain findings of fact and conclusions of law, a new judgment shall be entered thereon after the findings of fact and conclusions of law are added, and the losing party is thereafter free to enter another appeal. See *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490); *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Bell v. Stocks,* 128 Ga. App. 799, 800 (198 SE2d 209). Accordingly, the judgment was final when dated and filed on December 3, 1975. Thereafter, when findings of fact and conclusions of law were completed and signed on the 23rd of December, 1975, and filed in the clerk's office on the 29th day of December, 1975, it became a new judgment. Consequently, the motion for new trial and rule nisi dated 2nd day of January 1976, and filed on January 5, 1976, following the amendment to the judgment of December 3, 1975, on December 29, 1975, was not subject to dismissal because it was filed over 30 days after the final judgment. For the same reason the court did not err in denying defendant's motion to dismiss the motion for new trial which is the subject matter of the cross appeal.

2. All of the enumerations of error involve whether or not the offer and acceptance by letter of commitment dated September 7, 1973, by and between the parties amounts to a valid contract requiring the payment of a fee of 1% of the undelivered portion of the FHA and VA loans not made to be due Peachtree Mortgage Corporation, the plaintiff, by the defendant. Even though this instrument does not state that Northside Realty Associates, Inc.

would pay the undelivered portion, nevertheless looking at the four corners of the instrument it is sufficient to show a valid contract, and in the event any extrinsic evidence is needed to prove same under Code § 38-502 it is sufficient to show and to be understood that Northside Realty Associates, Inc. would pay 1% of the undelivered portion of the loans as a fee. The court erred in dismissing the petition.

*Judgment reversed on the main appeal. Cross appeal affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 4, 1976 — CASE NO. 52596 REHEARING DENIED NOVEMBER 24, 1976 —

*Dodd, Driver, McClatchey & Connell, H. Boyce Connell, Jr., Ellwood F. Oakley, III,* for appellant.

*Gambrell, Russell, Killorin & Forbes, Harold L. Russell, Douglas N. Campbell,* for appellee.