## 31707. MULLIS v. MULLIS.

HILL, Justice.

The husband and wife signed a separation agreement providing for child custody, visitation, child support payments by the father, and property settlement. The wife filed suit praying for divorce, that the separation agreement be made the judgment of the court and for other proper relief. The husband acknowledged service of the complaint and consented that the case be tried at any time after the appearance date. No answer nor demand for jury trial was filed.

The matter came before the trial judge who accepted the separation agreement and incorporated it into the decree of divorce, except that he made provision for increased child support payments by means of a formula based upon increases in the father's income. The father appeals urging a single enumeration of error—the absence of findings of fact and conclusions of law.

In *Githens v. Githens,* 234 Ga. 715, 716 (217 SE2d 291) (1975), it was held that Code Ann. § 81A-152 (a) " . . .

requires findings of facts and conclusions of law in contested divorce, contested alimony and contested custody of children actions." The question presented by this appeal is whether this case was an "uncontested" divorce, alimony and custody case within the meaning of Code Ann. § 81A-152 (a), or whether it was contested.

Where a party agrees that a certain judgment may be entered against him, the entry of a different judgment against him is not agreed to and hence is contested. We hold that where, in a divorce, alimony or child custody case, a separation agreement between husband and wife is modified by the trial judge pursuant to his authority (*Berry v. Berry,* 225 Ga. 318 (168 SE2d 132) (1969)), the case is contested within the meaning of Code Ann. § 81A-152 (a) and findings of fact and conclusions of law are required as to those matters modified by the court.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 19, 1976 — DECIDED JANUARY 6, 1977.

*Young, Young & Ellerbee, O. Wayne Ellerbee, Robert M. Clyatt,* for appellant.

*Walker, Yancey & Gupton, J. Stephen Gupton, Jr., Reuben H. Yancey,* for appellee.