## 53083. W. T. A. ASSOCIATES, INC. v. BEAMON et al.

SMITH, Judge.

A trial judge, after hearing, entered a "Findings of Fact" and "Conclusions of Law," the "Conclusions of Law" being that "the Complainant should be dismissed because Plaintiff failed to join indispensable parties" and then "[b]ased upon the foregoing, it is ordered that the Complainant be, and the same is hereby dismissed."

These findings of fact and conclusions of law and order of dismissal were entered on the 14th of May, 1976. Subsequently, on July 26, 1976, defendant filed the following motion: "Whereas counsel for Plaintiff in the above styled case inadvertently did not receive timely notice of the Findings of Fact and Conclusions of Law, signed and filed by this court, May 14, 1976, the Defendant hereby moves that the Findings of Fact and Conclusions of Law be withdrawn." Whereupon, on the same day, July 26, 1976, the trial judge entered the following order: "The Findings of Fact and Conclusions of Law dated May 14, 1976 and filed and entered the same date in the above styled action are hereby ordered withdrawn." *Held:*

1. The motion and the order sustaining the same did not vacate the judgment of dismissal of the complaint entered on May 14, 1976 as both the motion and the judgment confined themselves to the findings of fact and conclusions of law, and in neither was the dismissal of the complaint mentioned or addressed in any manner. The appeal here from the judgment of July 26, 1976, if treated as one from the judgment of May 14, 1976 is too late, more than 30 days having elapsed between the entry of such judgment of dismissal and the filing of the notice of appeal.

2. While where findings of fact and conclusions of law by the trial judge are required to be made, such findings of fact and conclusions of law may be amended or added if not made originally, to meet objections (*Jacobs Pharmacy Co. v. Richards &c., Inc.,* 229 Ga. 156, 157 (1) (189 SE2d 853); *Warren v. Walton,* 231 Ga. 495, 500 (2) (202 SE2d 405); *Atlanta Country Club v. Sanders,* 230 Ga. 146, 148 (1) (195 SE2d 893); *Wiggins v. Darrah,* 135 Ga. App. 509, 510 (2) (218 SE2d 106)), and if remanded on appeal for the lack thereof such findings of fact and conclusions of law may then be made and a new judgment entered and an appeal entered therefrom (*Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490); *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Bell v. Stocks,* 128 Ga. App. 799, 800 (198 SE2d 209)), such is not the situation here. In the present case such findings of fact and conclusions of law *were* made and the judgment

of dismissal entered; and for a time longer than the time permitted for appeal, no motion was made in reference thereto nor any action taken thereon. The appeal here, if considered as an appeal from the judgment of May 14, 1976, comes too late.

The motion to withdraw the findings of fact and conclusions of law is not included within those motions enumerated in Section 5 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21, as amended; Code Ann. § 6-803) which automatically extend the filing date for a notice of appeal. It follows that the notice of appeal filed on August 3, 1976 from the judgment of the court of July 26, 1976 withdrawing and immediately re-entering the findings of fact and conclusions of law without at any time vacating the judgment dismissing the complaint of May 14, 1976 is not timely. See in this connection *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241); *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313), overruling *McQueen v. Wilson,* 117 Ga. App. 488 (1) (161 SE2d 63).

3. Nor may we consider an enumeration of error on the judgment dismissing the complaint on May 14, 1976 upon an appeal from the judgment dismissing the complaint on July 26, 1976. See *Wilson v. McQueen,* 224 Ga. 420, supra, overruling *McQueen v. Wilson,* 117 Ga. App. 488, supra, and the dissenting opinion in the latter case beginning on p. 493.

The appeal must either be dismissed or affirmed. In our opinion a dismissal is proper.

*Appeal dismissed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1976 — DECIDED JANUARY 13, 1977.

*Bryan, Ramos & Arnold, Merle A. Ramos, Thomas A. Bowman,* for appellant.

*Horton & Ransom, Philip F. Ransom,* for appellees.