## 32004. NORTHSIDE REALTY ASSOCIATES, INC. v. PEACHTREE MORTGAGE CORPORATION.

JORDAN, Justice.

This court granted certiorari to review the first division of the opinion of the Court of Appeals in *Peachtree Mtg. Corp. v. Northside Realty Assoc.,* 140 Ga. App. 541, 542 (231 SE2d 350) (1976). This division deals with the time allowed for appeal where a judge entered a judgment dismissing a complaint, without making the findings of fact and conclusions of law required by Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171), and by subsequent order made such findings of fact and conclusions of law.

Judgment was entered on December 3, 1975, by the

trial judge dismissing the complaint of Peachtree Mortgage after hearing the plaintiff's evidence (without a jury). On December 29, 1975, the judge filed findings of fact and conclusions of law, concluding the order with another judgment of dismissal. The former judgment was not vacated. Peachtree Mortgage filed a motion for new trial, which was marked by the clerk as filed on January 5, 1976. Northside Realty moved to dismiss the motion for new trial as not being timely filed. Dismissal of the motion for untimely filing was denied, but the motion was denied on its merits. Peachtree Mortgage appealed to the Court of Appeals from the denial of its motion for new trial. Northside Realty asserted that the appeal should be dismissed because the motion for new trial was not timely filed and did not toll the time for filing the notice of appeal.

The Court of Appeals, after citing and commenting on several decisions of this court and the Court of Appeals, held: "Accordingly, the judgment was final when dated and filed on December 3, 1975. Thereafter, when findings of fact and conclusions of law were completed and signed on the 23rd day of December, 1975, and filed in the clerk's office on the 29th day of December, 1975, it became a new judgment. Consequently, the motion for new trial and rule nisi dated 2nd day of January 1976, and filed on January 5, 1976, following the amendment to the judgment of December 3, 1975, on December 29, 1975, was not subject to dismissal because it was filed over 30 days after the final judgment. For the same reason the court did not err in denying defendant's motion to dismiss the motion for new trial which is the subject matter of the cross appeal."

The recent decision of the Court of Appeals in *W. T. A. Assoc. v. Beamon,* 141 Ga. App. 25 (232 SE2d 373) (1977), indicates a view contrary to the ruling in *Peachtree Mtg. Corp. v. Northside Realty Assoc.,* supra.

This court has not decided the specific issue made in the present case.

We have, in effect, held that a judgment is not void because of the omission of findings of fact and conclusions of law. For instance, this court has held that where the appellant does not enumerate as error the failure to include findings of fact and conclusions of law in a

judgment, the failure is not a reversible error. *Jardine v. Jardine,* 236 Ga. 323 (1) (223 SE2d 668) (1976); *Cunnane v. Cunnane,* 237 Ga. 650 (229 SE2d 431) (1976).

Where error was enumerated on the failure to comply with Code Ann. § 81A-152, this court has handled the cases in different ways. In some cases we have considered findings of fact and conclusions of law made subsequently to the order appealed from and transmitted to this court. *Jacobs Pharmacy Co. v. Richards &c., Inc.,* 229 Ga. 156, 157 (1) (189 SE2d 853) (1972); *Atlanta Country Club v. Sanders,* 230 Ga. 146, 148 (1) (195 SE2d 893) (1973); *Warren v. Walton,* 231 Ga. 495, 500 (2) (202 SE2d 405) (1973).

In other cases, while the case was pending in this court we have requested the trial judge to make findings of fact and conclusions of law and file them in the trial court clerk's office, to be transmitted to this court. *Walker v. Walker,* 238 Ga. 273, 274 (2) (232 SE2d 554) (1977); *Barger v. Barger,* 238 Ga. 334 (2) (232 SE2d 567) (1977).

In other cases, we have reversed the judgment and remanded the case for the entry of a new judgment which will include findings of fact and conclusions of law, with the right of appeal from that judgment. *Dixie-Land Iron &c. Co. v. Piedmont Iron &c. Co.,* 233 Ga. 970 (213 SE2d 897) (1975); *Sanders v. Darnell,* 236 Ga. 604 (225 SE2d 23) (1976); *Brown v. Brown,* 237 Ga. 201 (227 SE2d 360) (1976); *Motes v. Stanton,* 237 Ga. 440 (228 SE2d 831) (1976); *Mullis v. Mullis,* 238 Ga. 185 (232 SE2d 60) (1977).

The Court of Appeals in the present case found that the rulings in cases in that court requiring the entry of a new judgment after remand led to the conclusion that where findings of fact and conclusions of law were filed subsequently to the judgment and prior to appeal, it became a new judgment and the time for appeal ran from the latter order. We do not agree with this conclusion. The fact that the appellate courts direct that a new judgment be entered has no significance as to the situation presented here. The appellate courts have power to give such directions in a case as may be consistent with the law and justice of the case. Code § 6-1610. Where a case is reversed for failure of the trial judge to make findings of fact and conclusions of law, justice requires that a new

judgment be entered from which the appellant can appeal.

The entry of a supplemental order making findings of fact and conclusions of law, pursuant to Code Ann. § 81A-152, does not change the effect of a final order dismissing a complaint, but merely sets out the basis for the judgment of dismissal. It is not a new judgment, and the Court of Appeals was in error in holding that the date for filing the motion for new trial was 30 days from the entry of the supplemental order setting out findings of fact and conclusions of law.

However, the ruling that the appeal was timely filed is right for another reason. The last day for filing the motion for new trial was January 2, 1976. The record contains an order of the trial judge, as follows: "It appearing to the court that the motion for new trial was presented to the court on January 2, 1976, and that the courthouse was not opened on that date, and the court instructing the attorney for the movant to present the matter on Monday, January 5, 1976, and the court advised movant that the case would be filed and docketed as of January 2, 1976. The paper was presented to the court and was dated January 2, 1976, nunc pro tunc and was therefore to have been docketed nunc pro tunc as of January 2, 1976. It is therefore ordered that the Docket Clerk of the Civil Court of Fulton County in Case No. 510, 250, change the date of filing nunc pro tunc from January 5, 1976 to January 2, 1976." This order was not rescinded by the trial judge, although a motion was made by Northside Realty to set it aside. The motion for new trial was therefore filed in time, and the Court of Appeals properly refused to dismiss the appeal.

*Judgment affirmed. All the Justices concur, except Ingram and Hall, JJ., who concur in the judgment only. Hill, J., disqualified.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 11 AND MAY 26, 1977.

*Gambrell, Russell, Killorin & Forbes, Harold L. Russell, Douglas N. Campbell,* for appellant.

*Dodd, Driver, McClatchey & Connell, H. Boyce*

*Connell, Ellwood F. Oakley, III,* for appellee.