SANFORD J. SMITH v. JESSE P. MORGAN, JR.

No. 8020SC462

(Filed 16 December 1980)

Corporations § 25— note signed by president before incorporation — president personally liable

In an action to recover on a promissory note executed in Georgia and payable in Georgia, Georgia law applied so that defendant could be held personally liable on the note which he executed as president of a corporation which had not yet been formed, but which was subsequently incorporated and which made payments on the note until default.

APPEAL by defendant from *Lupton, Judge* and *Mills, Judge.* Orders filed 1 February 1979 and 23 January 1980 in Superior Court, MOORE County. Heard in the Court of Appeals 6 November 1980.

This is an action on a promissory note made by Beefmastor, Inc., a Georgia corporation, to plaintiff. Defendant executed the note in Georgia on 19 November 1970 as president of Beefmastor, Inc. Beefmastor, Inc. was subsequently incorporated on 31 December 1970. The note was in partial payment for a business located in Georgia and all payments on the note were to be made in Georgia. After making some payments, Beefmastor, Inc. defaulted on the note.

Subsequent to filing the pleadings, both parties filed motions for summary judgments. On 1 February 1979 Judge Lupton granted plaintiff's motion on the issue of liability only. On 14 January 1980, pursuant to stipulations by the parties, Judge Mills entered judgment for the plaintiff in the sum of $90,400, from which defendant appealed.

*Van Camp, Gill & Crumpler by Douglas R. Gill, for the plaintiff-appellee.*

Smith v. Morgan

*Johnson, Poole and Webster by Samuel H. Poole, for the defendant-appellant.*

MARTIN, (Robert M.), Judge.

The sole question presented by this appeal is whether the defendant can be held personally liable on a note that he executed as president of a corporation which had not yet been formed, but which was subsequently incorporated and which made payments on the note until default.

First we note that we must apply the law of the State of Georgia in determining this question, as the note was executed in Georgia and was payable in Georgia. *Bank v. Appleyard,* 238 N.C. 145, 77 S.E. 2d 783 (1953); *Hatcher v. McMorine,* 15 N.C. 122 (1833). Contrary to the North Carolina rule, the Georgia rule is that a promoter of a prospective or non-existent corporation is personally liable on a contract he signs while purporting to act as the agent of such corporation unless the other party to the contract agrees to look to some other person for payment. *Wiggins v. Darrah,* 135 Ga. App. 509, 218 S.E. 2d 106, *cert. denied* (1975); *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236, 124 S.E. 2d 311 (1962); *Wells v. J. A. Fay & Egan Co.,* 143 Ga. 732, 85 S.E. 873 (1915). *Wells v. J. A. Fay & Egan Co., id.,* which has never been overruled or questioned by the courts of Georgia, governs this case. The defendants in *Wells* had signed a contract for the purchase of machinery in the name of a corporation which had not yet been incorporated. The defendants received the machinery and executed notes as part of the consideration for the machinery. Those notes were signed for the corporation by a person purporting to be the secretary and treasurer of the corporation. After being incorporated, the corporation made some payments on the note in question. The court held the persons who authorized the signature on the notes to be personally liable. In reaching that decision, the Georgia court stated that acceptance by the creditor of partial payments from the subsequently organized corporation and his prosecution of a proceeding to hold the corporation liable on the debt as being its obligation did not extinguish the promoters' liability or estop the creditor from asserting the personal liability of the promoters. The *Wells* case has ben cited with approval by the Georgia courts as recently as 1975 in *Wiggins v. Darrah, supra,* and 1962 in *Dehco, Inc. v. Greenberg, supra.*

After carefully studying the Georgia law applicable to this case and after carefully scrutinizing the record on appeal, we feel that the

trial court was correct in granting summary judgment in plaintiff's favor.

Affirmed.

Judges VAUGHN and WELLS concur.