### 72167. CULP v. CLELAND.
(344 SE2d 767)

McMURRAY, Presiding Judge.

This is a child custody case in which we granted the father's application for a discretionary appeal. After the parties were divorced, the superior court awarded custody of the minor children to the father. In part, the award of custody to the father at that time was based upon the poor health of the mother. The mother's health improved and she remarried. Thereafter, the mother sought a change of custody and, following a hearing, the court awarded the mother custody of the children. In its order, entered on September 10, 1985, the court did not set forth the facts upon which it based its conclusion that a substantial change of condition occurred. Rather, the court simply stated that "at an appropriate time" findings of fact and conclusions of law would be filed in support of the judgment. Since we had no way of knowing what facts the court considered in awarding custody to the mother, we granted an appeal to take a close look at the full record. The father filed a notice of appeal and the record was prepared and transmitted. The case was docketed in this court on December 30, 1985. Thereafter, on February 4, 1986, the superior court entered findings of fact and conclusions of law. The findings and conclusions were transmitted to this court via supplemental record. *Held*:

Having carefully reviewed the record and transcript, we think the evidence was sufficient to authorize a change of custody from the father to the mother. The judgment of the superior court was within the permissible limits of the court's discretion. See *Bell v. Bell*, 154 Ga. App. 290 (267 SE2d 894). We cannot say the court erred in changing custody from the father to the mother.

We recognize that a judgment is not invalid simply because findings and conclusions are entered subsequently. See in this connection *Atlanta Country Club v. Sanders*, 230 Ga. 146, 148 (1) (195 SE2d

893). However, our consideration of discretionary applications in cases of the nature of the case sub judice cannot be adequately undertaken unless findings and conclusions are entered in a timely fashion.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED APRIL 29, 1986.

*Andrew H. Marshall,* for appellant.
*William C. Head, M. Anne Martin,* for appellee.