59346. ROMANIK et al. v. BUITRAGO et al.

BIRDSONG, Judge.

Summary judgment. The evidence shows that Mr. and Mrs. Romanik were the owners of a condominium at 3229 Clairmont Drive which was in a condominium complex known as 3200 Clairmont Drive. The Romaniks had a mortgage on the condominium with Decatur Federal Savings & Loan. The appellees, Mr. and Mrs. Buitrago offered to buy the condominium for $59,000. The Buitragos paid the Romaniks as earnest money $1,000 with closing to occur on September 30, 1978. In the sales contract the condominium was described as being at 3200 Clairmont rather than at 3229. When the closing had to be delayed beyond September 30, the Buitragos sought and obtained permission to delay the closing until December 15, 1978, and as consideration for that extension gave the Romaniks an additional check for $210 to cover incidental expenses incurred by the Romaniks. There was also evidence to indicate that the Buitragos went to Decatur Federal, applied for mortgage money for the purchase of the condominium, and were successful therein. The evidence showed that the Buitragos had been to the particular condominium at 3229 Clairmont on several occasions and during the month of November, moved some personal belongings into the condominium. Ultimately however, the Buitragos declined to close the sale before or after December 15, 1978. The Romaniks brought suit claiming as damages the mortgage payments they had been forced to pay after the closing date, the additional monthly maintenance fees, the $1,000 earnest money (initially

paid by check which the Buitragos rendered worthless by closing their account before the check was negotiated), expenses of litigation and attorney fees. The Buitragos answered denying the material allegations and filed a counterclaim seeking the return of the $210 paid together with costs of litigation and attorney fees. The Buitragos moved for summary judgment, apparently on the ground that the sales contract called for the sale of 3200 Clairmont Drive rather than the single condominium located at 3229 Clairmont Drive. The trial court granted the motion for summary judgment and the Romaniks bring this appeal enumerating that grant as error. *Held:*

In this case we were not given the assistance normally furnished by an appellee's brief. The failure of the appellee to file a brief does nothing to the case except to admit the statement of facts by appellant, which may be accepted by this court as being prima facie true. See Rule 15 (b)(1), Code Ann. § 24-3615; *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154); *U. S. Fidelity &c. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831, 833 (191 SE2d 893). Our statement of facts hereinabove does reflect the facts as advocated by appellants.

We are here confronted with the sufficiency of the description of a condominium by house number only. There can be no real contention that the parties were not fully aware of the exact condominium and location that was under contract of sale. Likewise, the parties made clear to the trial court that 3200 Clairmont Road was the address of the entire condominium complex, that the Romaniks were at least part owners of the entire condominium complex, and specifically owned that portion of the complex at 3229 Clairmont Road. There could be no confusion that the Buitragos understood they had contracted to purchase the condominium at 3229 Clairmont Road, for no reasonable person could believe that $59,000 could purchase an entire complex of homes.

The question of the sufficiency of description of property in a contract is one of law, for the court; that of the identity of the property is one of fact, to be decided by the jury. *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753). It is not essential that the description should be so definite as that the property can be identified upon such

description alone. It is sufficient if the description can be made certain by extrinsic evidence. *First Nat. Bank v. Spicer,* supra, p. 504.

In this case we conclude that the description of the property to be sold was sufficient to furnish a key by which the property may be identified. Therefore the property was sufficiently described to the trial court to allow extrinsic proof to identify and connect the contract to the property desired to be sold. See *Penta Investments v. Robertson,* 230 Ga. 401, 403 (1) (197 SE2d 358); *Chewning v. Brand,* 230 Ga. 255, 256 (1) (196 SE2d 399). There remained as a question of fact whether the identity of the property as shown by the conduct and apparent knowledge of each party to the contract was sufficiently established. The movant for summary judgment has the burden of showing the absence of any genuine issues of material facts which under applicable principles of substantive law entitle him to a judgment as a matter of law. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416 (160 SE2d 633). There remaining contested issues of material fact, the trial court erred in granting summary judgment to the appellees.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED MARCH 13, 1980.

*Clinton A. Harkins,* for appellants.
*Carl V. Kirsch,* for appellees.