A93A0463, A93A0464. SCHIRMER et al. v. AMOROSO et al.; and vice versa.

(434 SE2d 80)

BIRDSONG, Presiding Judge.

Hans Schirmer and John Veltri appeal an adverse verdict and judgment in their suit for the return of $15,000 earnest money paid to appellees Amoroso and Brown d/b/a/ A & B Development Company for a building on condominium property. The development was "raw land" when appellants withdrew from the contract. Appellants contend the property was not sufficiently described by the sales contract and attachments to form an enforceable contract under the statute of frauds. OCGA § 13-5-30 (4). See *Murphy v. Morse,* 96 Ga. App. 513 (100 SE2d 623).

Appellants signed a purchase agreement for a "Model 888 apartment building consisting of eight (8) 2-bedroom 2-bath [condominium] apartments." They assert that when the contract was entered there was no document in existence from which a "key" could be found to identify their building, and there is no "key" today. See *Romanik v. Buitrago,* 153 Ga. App. 886 (267 SE2d 301). A plat drawn two years after the contract was entered shows eight apartment buildings. Appellees contend vaguely that documents form a "key" from which a description can be ascertained, but they assert that in any case Shirmer did not care which building he bought and that Veltri did not appear at trial. Appellants enumerate as error the denial of their motion for summary judgment and the denial of their motion for new trial. *Held:*

1. A denial of motion for new trial will be reversed only if there is no evidence to support the verdict. *Mathis v. Dept. of Transp.,* 185 Ga. App. 658 (1) (365 SE2d 504). We have reviewed the record and find no clue which building was to have been bought by appellants. Whether Schirmer or Veltri cared which building they got is not conclusive. A principle point of requiring a sufficient description of property to render enforceable the sales contract is not merely to satisfy the buyers but to create marketable title. Appellants intended to use

the building as an investment; if they tried to sell it, they would not know which building to sell. For that matter, the contract is so vague that there is nothing to prevent appellees from selling the same building twice. In fact, if appellants tried to deliver marketable title to other purchasers for triple profit, *appellees* could resist enforcement of this contract, for no one can say which building appellants bought. The contract was insufficiently descriptive and too vague to satisfy the statute of frauds. *Plantation Land Co. v. Bradshaw*, 232 Ga. 435 (207 SE2d 49). *Romanik* does not control this case; that contract designated the whole development (3200 Clairmont Drive) but the buyers knew 3229 Clairmont Drive was their building and even moved their possessions into it. The contract was partly performed (see OCGA § 13-5-31) and the buyers could not be heard to say they did not know which property they agreed to buy. In this case there can be no performance because no one knows which building appellants bought. As there was no evidence to support a finding that there was a "key" or sufficient description to make the contract enforceable, the trial court erred in denying the motion for new trial. *Mathis*, supra.

2. When the case has proceeded to trial and the verdict and judgment is before us for review, if the evidence supports the verdict, the issue of an earlier denial of summary judgment is moot. See *Gosnell v. Waldrip*, 158 Ga. App. 685 (282 SE2d 168). See also *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61) and *Phillips v. Abel*, 141 Ga. App. 291 (1) (233 SE2d 384) which held that a denial of summary judgment "becomes moot when the court reviews the evidence upon the trial of the case." But, if the verdict is not supported by evidence and the case is remanded for new trial, the issue of summary judgment is no longer moot.

A denial of summary judgment is generally appealable only by application pursuant to OCGA §§ 9-11-56 (h) and 5-6-34 (b). But parties may appeal a denial of summary judgment with a judgment that is directly appealable, and "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (271 SE2d 199). Moreover, OCGA § 5-6-34 (d), as amended, provides that when a final judgment is appealed, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below *shall* be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone. . . . Nothing in this subsection shall require the appellate court to pass upon questions which are rendered moot." (Emphasis supplied.)

We reverse the denial of appellants' motion for new trial as there is no evidence to support the verdict, so the issue of summary judg-

ment is not moot. Appellants specifically enumerate as error the denial of their motion for summary judgment, thus preserving the issue for appeal in the posture of the evidence as it was when the motion for summary judgment was denied, for it was appellee's duty *"at that time"* to rebut appellant's prima facie showing of entitlement to judgment. See *Spicewood, Inc. v. Dykes Paving &c. Co.*, 199 Ga. App. 165, 168-169 (404 SE2d 305). We are therefore required by § 5-6-34 (d) to rule on that issue as it is properly before us, and we hold the trial court erred in denying summary judgment to appellants, there being no genuine issue of material fact (§ 9-11-56 (c)) that the property was not sufficiently described to render the contract enforceable. See *Plantation Land Co.*, supra.

3. Appellees' complaint in Case No. A93A0464, that appellants did not attach a rule nisi to their motion for new trial (see OCGA § 5-5-41), is therefore unnecessary to consider.

*Judgments reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — 

*Michael B. Perry*, for appellants.
*Andrew A. Taylor*, for appellees.