## A94A0174. WEIR v. KIRBY CONSTRUCTION COMPANY, INC.
(446 SE2d 186)

BIRDSONG, Presiding Judge.

Kirby Construction Company, Inc. sued Paul Weir for a debt on a contract for renovation of the "Patti Arbuckles" restaurant. As president of Patti Arbuckles Productions, Inc., Mr. Weir contracted for the work on a date between March 21-26, 1990. On March 23, 1991, Kirby estimated the work would cost $417,000 but Patti Arbuckles Productions informed Kirby it wanted to keep the cost under $400,000. When the job was half done, Kirby Construction estimated it would cost $375,000. The final bill was $431,000. Patti Arbuckles Productions paid Kirby $394,191.

---

Kirby sued Paul Weir for the remainder, on discovering that when Weir entered the contract as president of the corporation, its certificate of incorporation had not yet issued. Weir's attorney had signed the articles of incorporation on March 1, 1991. In early March he informed Weir they were ready for filing with the Secretary of State and sent Weir a bill for this work. The certificate of incorporation was issued April 1, 1991, by the Secretary of State.

There is no evidence Weir actually knew the certificate of incorporation had not issued when he entered the contract as president of the corporation.

Kirby sued Weir on the theory of "promoter liability" under common law. See *Wells v. Fay & Egan Co.*, 143 Ga. 732 (85 SE 873). Paul Weir unsuccessfully moved for summary judgment on grounds that the repeal of former OCGA § 14-2-23 and enactment of OCGA § 14-2-204 effectively removed the common law "promoter's liability." Over objection, the court charged the jury: "If Paul J. Weir, at the time of the signing of the contract . . . knew *or should have known* that Patti Arbuckles Productions, Inc. was not incorporated then he is personally liable to [Kirby] for any sums remaining due under the contract." (Emphasis supplied.) The jury gave a verdict against Weir for $36,493.06 and awarded $22,330.60 attorney fees. The trial court assessed $11,841.74 interest.

Weir enumerates, inter alia, the denial of his motions for summary judgment, directed verdict and judgment n.o.v.; the trial court's jury charge quoted above; and the submittal to the jury of the issue of attorney fees. *Held*:

1. The trial court erred in denying Weir's motion for directed verdict. Appellant contends that as there is no evidence he knew the certificate of incorporation had not been issued when he entered the construction contract, under OCGA § 14-2-204 he cannot be personally liable for the corporation's debt. Kirby contends the common law "promoter's liability" is extant and requires only proof that Weir knew "or should have known" the certificate of incorporation had not issued.

*Wells* held: "If one contracts as agent, when in fact he has no principal, he will be personally liable. A promoter, though he may assume to act on behalf of the projected corporation and not for himself, can not be treated as an agent of the corporation for it is not yet in existence; and he will be personally liable on his contract, unless the other party agreed to look to some other person or fund for payment." Id. at 733. Former OCGA § 14-2-23 provided: "All persons who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation . . . shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." This statute was repealed by Ga. L. 1988, p. 1070, § 1;

OCGA § 14-2-204, effective July 1, 1989: "All persons purporting to act as or on behalf of a corporation, *knowing there was no incorporation* under this chapter, are jointly and severally liable for all liabilities created while so acting." (Emphasis supplied.)

Liability under former § 14-2-23 and the common law "promoter's liability" authorized in *Wells*, supra, are not separate theories of liability. Former § 14-2-23 absorbed the common law "promoter's liability" by making liable *"[a]ll persons* who assume to act as a corporation before the Secretary of State has issued the certificate of incorporation." (Emphasis supplied.) Under *Wells* and former OCGA § 14-2-23, liability was imposed without regard to such person's lack of knowledge that the certificate of incorporation had not issued. The liability in *Wells* arose from contract and agency law prior to the enactment of the Business Corporations Act including former OCGA § 14-2-23.

Kirby insists the enactment of § 14-2-204 revived or left intact the common law "promoter's liability" because the comments following § 14-2-204 indicate this new Code section protects only "innocent investors who are ignorant of the failure to complete the incorporation process." Thus, Kirby says, the new statute does not protect Weir, who Kirby says was in a position to know and had a duty to know whether such steps had been completed, i.e., he was a "promoter" who "should have known" the corporation did not yet exist. However, former § 14-2-23 captures *"all persons"* who act as a corporation before certificate of incorporation is issued. OCGA § 14-2-204 clearly does not protect only "innocent investors," but applies to "[a]ll persons purporting to act as or on behalf of a corporation, knowing there was no incorporation."

Behind Kirby's assertion that new § 14-2-204 protects only "innocent investors" is Kirby's perception that a "promoter" is a person who fraudulently "promotes" something which does not exist. But in *Wells*, a "promoter" was described as a person acting "to bring about the formation of a corporation." Id. at 733. *Wells* did not create a class of corporate carrion called "promoters"; it simply held Mr. Wells liable on his purchase of machinery as "Ficklen Spoke & Handle Co., by L. M. Wells" before the corporation existed. Compare *Kelley v. RS&H of North Carolina*, 197 Ga. App. 236 (398 SE2d 213). To boost the perception that Weir is a "promoter" guilty of unsavory acts, Kirby on appeal asserts that Weir improperly used a renovation allowance for purposes other than paying Kirby's full bill. However, Kirby did not sue Weir for fraud, and whether there should have been money available to pay the full bill is immaterial to this suit. The evidence shows Kirby's bill was disputed and that the corporation paid nearly all of it, and Weir was sued for the remainder merely because he entered the contract as president of the corporation before

the certificate of incorporation was issued.

To the extent that common law "promoter's liability" was based on what a person "should have known," it is inconsistent with § 14-2-204, which imposes liability only on persons *"purporting* to act as . . . a corporation, *knowing* there was no incorporation." (Emphasis supplied.) To "purport" one thing while *"knowing"* another requires culpable knowledge. This language replaced a statute which had made liable persons who merely "assumed" to act for a corporation without knowing the charter of incorporation had not been issued. Under former § 14-2-23, innocent mistake, lack of actual knowledge, or even equitable estoppel would not help such persons. See *Video Power v. First Capital Income Prop.*, 188 Ga. App. 691, 692 (373 SE2d 855). The inequity of such a statute is obvious. The new statute requires culpable knowledge. If Weir acted as president of a corporation believing the corporation existed, and the corporation did exist soon thereafter, there is no just reason to impose a "promoter's liability" on him under *Wells*, for OCGA § 14-2-204 requires actual knowledge that there was no incorporation.

There being no evidence cited to us that Weir "purported" to act on behalf of the corporation, "knowing" it was not in existence, he is not personally liable under § 14-2-204. No evidence is cited from the trial that Weir actually knew the corporation was not in existence. He signed the articles of incorporation before he entered this contract; the articles of incorporation were issued days later. The facts do not lead to a reasonable inference that Weir "purported" to act for a corporation while "knowing" it did not exist. The trial court erred in denying Weir's motion for directed verdict and his motion for judgment n.o.v.

2. The trial court erred in charging the jury that it could find Weir liable on the contract if he "should have known" the articles of incorporation had not been filed. This was harmful error as it is contrary to the plain terms of OCGA § 14-2-204, and it cannot be determined whether the jury found Weir liable merely because of what he "should have known."

3. The attorney fee award falls with the verdict.

4. Kirby contends the denial of Paul Weir's summary judgment is moot. We recently addressed the assertion that a denial of summary judgment is always rendered "moot" by a subsequent verdict and judgment entered at trial, in *Schirmer v. Amoroso*, 209 Ga. App. 682, 683 (434 SE2d 80), cert. denied, and concluded that the "rule" is not true in all cases.

OCGA § 5-6-34 (d) requires us to address enumerations which will affect the proceedings below. When a verdict is *affirmed* as supported by evidence, obviously an earlier denial of summary judgment to the appellant was correct, or harmless. If, after a summary judg-

ment is denied, there is a trial and the evidence "shows that a verdict for the opposing party is authorized, the error is harmless." *Hill v. Willis*, 224 Ga. 263, 266 (161 SE2d 281). So, "[w]here a motion for summary judgment is overruled on an issue and the case proceeds to trial *and the evidence at the trial authorizes the verdict (judgment)* on that issue, any error in overruling the motion for summary judgment is harmless." (Emphasis supplied.) *Dunlap v. Dunlap*, 234 Ga. 304, 306 (215 SE2d 674). See also *Talmadge v. Talmadge*, 241 Ga. 609 (247 SE2d 61); *Shaw v. Hughes*, 199 Ga. App. 212 (1) (404 SE2d 309).

However, where the verdict is *reversed*, the case is *remanded* for new trial as in *Schirmer*, an earlier denial of summary judgment is no longer "moot." If the denial of summary judgment is enumerated as error, OCGA § 5-6-34 (d) *requires* us to address that enumeration *if it will affect the proceedings below*. The issue of summary judgment is preserved for appeal in the posture of the evidence as it was when the motion for summary judgment was denied, for it was appellee's duty *"at that time"* to rebut appellant's prima facie showing of entitlement to judgment. Id. at 684.

In this case, the issue is the *denial of directed verdict*. Since we hold that the evidence at trial entitled Weir to a directed verdict, the case is at an end, and the issue of an earlier denial of summary judgment is truly "moot." Accord *Ray v. Atkins*, 205 Ga. App. 85, 89 (3), 91 (5) (421 SE2d 317); *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35 (1), 37 (416 SE2d 105). See also *Allera Corp. v. Derby Cycle Corp.*, 210 Ga. App. 564 (1), 565 (436 SE2d 753), where the verdict was reversed for insufficient evidence. In *Seabolt v. Cincinnati Ins. Co.*, 199 Ga. App. 715 (405 SE2d 757), the denial of summary judgment to appellant was moot because the verdict and judgment were not enumerated as error and were thus, in effect, affirmed. *Seabolt* cited *Hardaway Constr. v. Browning*, 176 Ga. App. 530 (336 SE2d 579) where the verdict was *affirmed*. The *case is at an end* when we affirm the verdict so a prior denial of summary judgment is definitely moot. *Schirmer*, supra.

In short, if the denial of summary judgment prior to trial will affect the proceedings below after appeal and if it is enumerated as error, OCGA § 5-6-34 (d) requires that we address it. If the verdict is reversed and a new trial is ordered, the summary judgment ruling may affect the proceedings below. But if we reverse the judgment because appellant was entitled to a directed verdict, as in this case, or judgment n.o.v., then the case is over, so the earlier denial of summary judgment to appellant will not affect the proceedings below, and is therefore *moot*.

5. In view of this ruling, it is unnecessary to address enumerations as to jury charges and form of verdict.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

## On Motion for Reconsideration.

Kirby Construction insists that OCGA § 14-2-204 does not supplant "promoter's liability." *Wells v. Fay & Egan Co.*, 143 Ga. 732 (85 SE 873) was written when there was no statute on the issue. *Hagan v. Asa G. Candler, Inc.*, 189 Ga. 250, 253 (5 SE2d 739). *Wells* had to borrow agency principles; it was even explained as a case where it was impossible to infer that the agent intended to bind the principal (*Hagan* at 258) but this was fiction, for in fact Wells' intent to bind the principal and its intent to be bound, were proved; the principal soon did exist, assumed the debt and made payments which the creditor accepted.

Public policy justified the result in *Wells*, so a law was passed imposing "promoter's liability" (former OCGA § 14-2-23); this law was repealed when public policy no longer required it. See OCGA § 14-2-204, Comment. Nevertheless, Kirby says the new public policy expressed in § 14-2-204 and in this opinion allows people to act for nonexistent corporations and throws all the risk on innocent parties. There is, however, always liability for fraud. Moreover, after *Hagan*, a law was passed which provides that a contract by one purporting to bind a nonexisting principal is void and any party "misled thereby to his injury" has a right of action for damages. OCGA § 10-6-89. In this case the principal ratified the contract and assumed the debt (OCGA § 10-6-52), so Kirby was not misled to its injury by the fact that Weir acted for a corporation which was not in legal existence.

Kirby's assertion that the jury found Weir "morally at fault in the failure of Kirby to be paid its entire bill" tells the tale. Despite Kirby's efforts to show that Weir acted badly in the corporation's payment of only $394,191 of $431,000, Kirby cannot show that this dispute has any connection to the fact that Weir entered the contract when, unbeknownst to him, the corporation did not yet exist. The corporation paid all the bill except what it disputed, so its failure to pay more was not caused by Weir's acting before it existed, and but for the court's erroneous charge the jury could not have concluded that it was. It is, moreover, impossible to tell whether the award represents Weir's supposed liability for a corporate debt, or damages for his own "moral wrong" in entering a contract before the certificate of incorporation issued, but in either case it is insupportable and amounts to a penalty under this jury charge.

*Motion for reconsideration denied.*

Decided May 9, 1994 —
Reconsideration denied July 13, 1994 —

*Neely & Player, Richard B. North, Jr., Lorre J. Gaudiosi, Mark L. Wilhelmi*, for appellant.

*Warlick, Tritt & Stebbins, Charles C. Stebbins III*, for appellee.