A97A2013. ZUBERI et al. v. GIMBERT et al.
(496 SE2d 741)

POPE, Presiding Judge.

Steven and Janis Gimbert leased a warehouse to a toilet cleaner manufacturing business owned by Manzar Zuberi. Zuberi signed the

---

lease as the purported representative of a non-existent corporation, "ATM Manufacturing, Inc." Zuberi later manufactured toilet bowl cleaner on the premises under the name of an existing corporation, "Ameri-Pak International," of which he was president. The Gimberts claimed the business's use of hydrochloric acid in its operations severely damaged the premises. Following a bench trial, the court found Ameri-Pak International responsible for the damage. The court also held Zuberi personally liable because it found he knowingly signed the lease with the Gimberts as the representative of a non-existent corporation. We find the evidence sufficient to support the trial court's judgment and affirm.

When reviewing an appeal from the trial court's denial of a motion for involuntary dismissal in a bench trial, this Court will uphold the trial court's findings if there is any evidence to support them. *Hamil v. Stanford*, 264 Ga. 801, 802 (1) (449 SE2d 118) (1994). In his two enumerations of error, Zuberi claims that 1) no evidence allowed the court to find him personally liable; and 2) no evidence allowed the court to determine that his business operations caused the damage at issue.

1. Zuberi contends the court erred by finding him personally liable for damage to the Gimberts' warehouse. We disagree. The evidence established that on November 1, 1990, Zuberi and the Gimberts entered a one-year lease on the warehouse. Zuberi signed the lease "ATM MANUFACTURING, INC. BY: s/ *Manzar Zuberi* Its: Pres/CEO." However, "ATM Manufacturing Inc." never existed as a corporation. Under OCGA § 14-2-204, "[a]ll persons purporting to act as or on behalf of a corporation, knowing there was no incorporation . . . , are jointly and severally liable for all liabilities created while so acting." This statute imposes personal liability on one who, with "culpable knowledge," incurs liabilities on behalf of a non-existent corporation. See *Weir v. Kirby Constr. Co.*, 213 Ga. App. 832, 835 (1) (446 SE2d 186) (1994).

The trial court found Zuberi knowingly signed on behalf of the non-existent company, and evidence supports that finding. First, questions of a defendant's intent are generally for a factfinder to determine. See *Goodlett v. Ray Label Corp.*, 171 Ga. App. 377, 379 (1) (319 SE2d 533) (1984). Zuberi signed on behalf of a corporation that simply did not exist, either before or after this transaction. Compare *Weir*, 213 Ga. App. at 835 (company representative had taken steps to incorporate, and no evidence showed he knew the incorporation was not effective). Second, although Zuberi claimed he misread the corporate name on the lease, his answers conflicted regarding the entity for which he meant to sign. In his interrogatory answers, admitted at trial, Zuberi stated that he believed he was acting on behalf of ATM America Corp.; however, no evidence showed that

ATM America was an existing corporation. At trial, Zuberi testified he was president of ATM Enterprises, Inc., and his attorneys argued that he meant to sign on behalf of this existing corporation. The conflicting evidence allowed the factfinder to reject his claim of mistake. Third, the name of the business on the lease is ATM *Manufacturing*, Inc., not ATM Enterprises, Inc. or ATM America Corp. Unlike the "misnomer" in *Pinson v. Hartsfield &c. Center*, 191 Ga. App. 459, 461 (382 SE2d 136) (1989), the difference in names is substantial and does not involve the mere abbreviation of a longer, official corporate name. The conflicting evidence allowed the trial court to determine that Zuberi knowingly signed on behalf of a corporation that did not exist.

Zuberi also suggests that because the Gimberts believed they were dealing with a corporation, they are estopped from holding Zuberi personally liable. This contention has no merit. See *Don Swann Sales Corp. v. Echols*, 160 Ga. App. 539, 541-542 (287 SE2d 577) (1981) (a defendant may not assert the defense of corporation by estoppel where he has acted on behalf of a nonexistent corporation). Because Zuberi entered the lease on behalf of a company that did not exist, the trial court could find he was personally bound by the lease, and by any extensions of that lease beyond the original one-year period, so long as a business he operated occupied the premises. Therefore, the fact that Zuberi later occupied the premises under the corporate form, "Ameri-Pak International," did not relieve Zuberi of personal liability. See *Korey v. BellSouth Telecommunications*, 225 Ga. App. 857, 858 (1) (485 SE2d 498) (1997) (cert. granted).

2. Contrary to Zuberi's second enumeration, the Gimberts sufficiently proved their claim for damages to the warehouse by specifically showing how the warehouse deteriorated during the time Zuberi's business occupied it. Evidence showed severe corrosion of roof, joists, concrete floor, wiring, plumbing, and metal surfaces in that portion of the warehouse occupied by Zuberi's business. Expert testimony indicated this damage was consistent with the effects of hydrochloric acid vapors. The tenant in the other portion of this warehouse testified that he saw no such damage before Zuberi began his operations and that he often noted clouds of caustic vapor floating through Zuberi's area. Mr. Gimbert testified that he purchased this warehouse in 1979 along with two adjacent ones built at the same time of the same materials. When Mr. Gimbert saw this warehouse a few months before Zuberi moved in, it was in as good condition as the other two warehouses. When he returned in 1991, he noticed corrosion of the metal surfaces and was told by Zuberi's employee that hydrochloric acid had leaked from tanker trucks delivering that product. At the time of trial, Mr. Gimbert testified the other two warehouses remained in good shape but the area which Zuberi

rented had severely deteriorated and corroded. The trial court had the opportunity to view the other warehouses and compare them with Zuberi's area. The Gimberts' experts gave specific solutions for each of the problems they described. By producing this evidence, the Gimberts adequately "show[ed] specific acts of waste or damage the results of which at the end of the term had not been repaired." (Citation and punctuation omitted.) *Abernethy v. Cates*, 182 Ga. App. 456, 457 (1) (356 SE2d 62) (1987).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1998 —
RECONSIDERATION DENIED FEBRUARY 6, 1998

*Robertson & Walker, Charles T. Robertson II, Andrew W. Hartman, Allan E. Alberga*, for appellants.

*Thomas B. Benham*, for appellees.