A98A1415. SELF et al. v. HALL.
(503 SE2d 918)

BLACKBURN, Judge.
Debra Self, Sue M. Elder, and Kathy M. Cutshaw, the daughters of Olin Stark McGowan, appeal the denial of a summary judgment

motion in which they asked the trial court to rule that S. Mark Hall had no right to inherit any portion of McGowan's estate as his illegitimate son. For the reasons set forth below, we affirm.

On October 25, 1995, Hall filed a motion to intervene in a case brought by Sylvia McGowan, who claimed to be the common law wife of Olin McGowan, against Self as administratrix of her father's estate. In her application to the probate court for letters of administration, Self listed only herself and her two sisters as Olin McGowan's heirs, and Sylvia McGowan claimed that she was improperly excluded from that list. In support of his application to intervene, Hall claimed that, as the illegitimate son of Olin McGowan, he had also been improperly excluded from the list of heirs. Hall's motion to intervene was granted on October 18, 1996. On October 25, 1996, Hall filed a motion for summary judgment, asking the trial court to rule that he was an heir of Olin McGowan. On December 11, 1996, appellants filed a motion for summary judgment, asking the trial court to rule that Hall had no right to inherit from Olin McGowan. On April 4, 1997, the trial court denied both motions. The case proceeded to a jury trial, and the jury found that Hall was an heir of Olin McGowan.

In their sole enumeration of error, appellants argue that the trial court erroneously denied their motion for summary judgment, contending that Hall was estopped from arguing that he was the son of Olin McGowan. However, it is well settled that "[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case." *Phillips v. Abel*, 141 Ga. App. 291 (1) (233 SE2d 384) (1977). Thus, as appellants' case went to trial and a jury entered a verdict against them which was accepted by the trial court, the propriety of their motion for summary judgment is a moot issue. Moreover, appellants elected not to file a trial transcript with this appeal. "Where a trial transcript is necessary for review and [an] appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." *First Financial Ins. Co. v. Mathis*, 214 Ga. App. 537, 539 (448 SE2d 87) (1994).

Under the circumstances and given the clear state of the law, Self's attorney could not reasonably have believed that this appeal would result in a reversal of the trial court's decision. Therefore, we grant Hall's motion to assess damages for a frivolous appeal, and we impose a $1,000 frivolous appeal penalty on appellants and their attorney pursuant to Court of Appeals Rule 15 (b).

*Judgment affirmed. Eldridge, J., concurs. McMurray, P. J., concurs specially.*

MCMURRAY, Presiding Judge, concurring specially.

Although I agree the case sub judice should be affirmed, I cannot say that plaintiffs' arguments were entirely frivolous or interposed for the purpose of delay. Defendant's motion for frivolous appeal sanctions, pursuant to Court of Appeals Rule 15 (b), should be denied.

DECIDED JULY 9, 1998.

*Law Offices of John F. Lyndon, Walter R. Finch III*, for appellants.

*Timmons, Haggard & Carney, Cynthia E. Call*, for appellee.