A10A1761. MALCOM et al. v. MORGAN COUNTY BOARD OF TAX ASSESSORS.
(706 SE2d 583)

SMITH, Presiding Judge.

Following a jury verdict in favor of the Morgan County Board of Tax Assessors ("the board"), Gregory and Lisa Malcom appeal, alleging as their sole claim of error the trial court's denial of their motion for summary judgment. We affirm.

The record reveals that the Malcoms enrolled 43.78 acres of their property in a conservation use covenant for the production of hay and cattle. When during an inspection no cows or hay were found on the property, the board declared the Malcoms in breach of the conservation use covenant, notified the tax commissioner, and notified the Malcoms that it intended to assess a penalty against them. After the Morgan County Board of Equalization affirmed the decision of the board of assessors, the Malcoms appealed to the superior court. The parties subsequently filed cross-motions for summary judgment. The trial court denied the motions, and the case proceeded to a jury trial. A jury found that the Malcoms breached their conservation use covenant, and the trial court entered a judgment accordingly.

In their sole enumeration of error, the Malcoms complain that the trial court erred in denying their motion for summary judgment "as there was no genuine issue of material fact at the time of Motion for Summary Judgment that there was no breach of the conservation use covenant." They requested that only specific portions of the record be transmitted to this court and did not include the trial transcript in that request.

This appeal is controlled by *Self v. Hall*, 233 Ga. App. 330 (503 SE2d 918) (1998), where this court held that

> it is well settled that after verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. Thus, as appellants' case went to trial and a jury entered a verdict against them

> which was accepted by the trial court, the propriety of their motion for summary judgment is a moot issue. Moreover, appellants elected not to file a trial transcript with this appeal. Where a trial transcript is necessary for review and an appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citations and punctuation omitted.) Id. at 331.

The Malcoms are correct that "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980); see OCGA § 5-6-34 (d). But the cases cited in appellants' brief are not controlling here. In *Coregis Ins. Co. v. Nelson*, 282 Ga. App. 488 (639 SE2d 365) (2006), we held that the denial of the appellant's motion for summary judgment was not moot as the result of the subsequent jury verdict. Id. at 489 (1). In that case, the trial court made certain rulings on summary judgment that were not considered in the subsequent trial which was limited only to damages. Id. at 489-490 (1). Here, the Malcoms sought summary judgment on the very issue considered and decided by the jury: whether the Malcoms breached the conservation use covenant.

*Schirmer v. Amoroso*, 209 Ga. App. 682, 683-684 (2) (434 SE2d 80) (1993), is also inapplicable here. In that case, we reversed the trial court's denial of the appellants' motion for new trial because there was no evidence to support the verdict and then held that the issue of summary judgment was therefore not moot. Id. at 683-684 (2). But unlike the appellants in *Schirmer*, the Malcoms do not challenge the jury verdict on appeal and did not include as a part of the record the transcript of the jury trial.

Under these circumstances, and as held in *Self*, supra, the propriety of the Malcoms' motion for summary judgment is a moot issue. 233 Ga. App. at 331. Moreover, because they elected not to include a transcript of the jury trial, we must assume the judgment below was correct and affirm. Id.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 23, 2011.

*Lambert & Reitman, M. Joseph Reitman, Jr.*, for appellants.

*Christian G. Henry*, for appellee.