**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 6, 2014**

# In the Court of Appeals of Georgia

A14A1294.  COURTLAND  HOTEL,  LLC  d/b/a  SHERATON
ATLANTA HOTEL v. SALZER.

MCFADDEN, Judge.

This case concerns the individual liability of an agent, Joshua Salzer, under a contract with Courtland Hotel, LLC d/b/a Sheraton Atlanta Hotel ("the hotel"). The contract identified the agent's corporate principal by an acronym rather than the principal's full name. The trial court held that, as a matter of law, Salzer was not individually liable for breach of the contract, granting summary judgment to Salzer and denying summary judgment to the hotel on the hotel's breach of contract action. Because the undisputed evidence shows that the parties did not intend for Salzer to be individually liable under the contract, and the variance in the principal's name is merely a misnomer, we affirm.

A trial court may grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Woodcraft by MacDonald v. Georgia Cas. & Surety Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013) (citation and punctuation omitted).

The evidence relevant to the dispositive issues in this case is undisputed. In September 2012, Convention Organizing and Leadership Team, Inc. ("the corporation") was incorporated in North Carolina. The principals of the corporation referred to it by the acronym "C.O.L.T., Inc." both among themselves and in their dealings with Salzer, an event coordinator whom the corporation engaged to book rooms at the hotel for a "My Little Pony" fan convention that the corporation planned to hold over several days in January 2013. Salzer had worked with the hotel before, performing similar services on behalf of other clients.

On October 10, 2012, Salzer signed the contract at issue. The contract identified the parties as the hotel and "C.O.L.T., Inc." The contract required the hotel to provide "C.O.L.T., Inc." with guest rooms and function space for the convention,

2

and it required "C.O.L.T., Inc." to make certain payments to the hotel if it cancelled the convention. Salzer signed the contract on behalf of "C.O.L.T., Inc." in the capacity of "Meeting Coordinator/Acting Chairman." The corporation had authorized Salzer to represent himself as the "Chairman" of the event at the hotel, but Salzer was not a shareholder, director or officer of the corporation.

Subsequently, the principals of the corporation cancelled the event, and the hotel filed its "Complaint on Contract and Account" against Salzer. The hotel did not name the corporation as a defendant in that action. It moved for summary judgment against Salzer, arguing that he was individually liable under the contract because he signed the contract on behalf of a nonexistent entity. Salzer opposed the hotel's motion on the ground that he was not a party to the contract but signed it as an agent for the corporation. He also moved to dismiss the complaint for failure to state a claim or, alternatively, to compel arbitration of the dispute pursuant to an arbitration clause in the contract. The trial court denied the hotel's motion for summary judgment and, instead, granted summary judgment to Salzer on the ground that "that the undisputed evidence show[ed] that the use of the name 'C.O.L.T., Inc.' in the contract was a misnomer and that Convention Organization and Leadership Team, Inc. is the corporation intended to be bound under the contract." See generally *Johnson v. RLI*

3

*Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010) (trial court's consideration of matters outside pleadings in effect converts motion to dismiss to motion for summary judgment).

We find no error in the trial court's rulings. While "an agent who makes a contract without disclosing that he is acting as an agent or without identifying his principal . . . will become individually liable on the contract[,]" *Action Concrete v. Focal Point Engineering*, 296 Ga. App. 567, 569 (675 SE2d 303) (2009) (citation and punctuation omitted), the undisputed evidence shows that Salzer both disclosed to the hotel that he was acting as an agent and sufficiently identified his principal.

The language of the contract disclosed that Salzer was acting as an agent rather than on his own behalf. The contract purported on its face to be the that of a principal, identifying an entity (not Salzer) as the contracting party and bearing Salzer's signature in a representative capacity. Cf. *Kingsberry Homes v. Findley*, 242 Ga. 362, 363 (249 SE2d 51) (1978) (defendant was entitled to summary judgment in action on integrated contract that on its face did not indicate that claimed agent, who signed contract, was defendant's representative or that defendant was that person's principal). Moreover, the undisputed evidence of Salzer's prior dealings with the hotel on behalf of other clients is circumstantial evidence demonstrating the hotel's

understanding of Salzer's role. The hotel has pointed to no evidence that it thought Salzer was acting on his own behalf, or that either party intended to bind Salzer individually to the contract.

Salzer's identification of his principal by the name "C.O.L.T., Inc." did not make him individually liable on the contract. It is true that an undertaking by an individual in a fictitious name is the obligation of the individual. *Crolley v. Haygood Contracting*, 201 Ga. App. 700, 702 (3) (411 SE2d 907) (1991); see OCGA § 14-2-204 (imposing liability upon "[a]ll persons purporting to act as or on behalf of a corporation, knowing there was no incorporation"). "However, where the individual in question purported to act on behalf of a corporation which did in fact exist, the fact that the corporation's name was incorrectly set forth on the contract will not necessarily result in the imposition of personal liability against him." *Pinson v. Hartsfield Intl. Commerce Center*, 191 Ga. App. 459, 461 (382 SE2d 136) (1989). "[A] mere misnomer of a corporation in a written instrument is not material or vital in its consequences, if the identity of the corporation intended is clear or can be ascertained by proof." *CML-GA Smyrna, LLC v. Atlanta Real Estate Investments, LLC*, 294 Ga. 787, 789 (2) (756 SE2d 504) (2014) (citation and punctuation omitted); *Hawkins v. Turner*, 166 Ga. App. 50, 51-52 (1) (303 SE2d 164) (1983) (citations,

5

punctuation and emphasis omitted). Accordingly, "error in the use of the corporate name will not be permitted to frustrate the intent which the name was meant to convey," which intent can be proved through parol evidence. *Pinson*, 191 Ga. App. at 461 (citation and punctuation omitted).

The name Salzer used for his principal in the contract – "C.O.L.T., Inc." – was an acronym comprised of the first letters of the words in the principal's full, official name – "Convention Organization and Leadership Team, Inc." We are not persuaded by the hotel's argument that these two names differed so substantially that the acronym must be considered a fictitious name rather than an abbreviation. See generally *Robinson v. Reward Ceramic Color Mfg.*, 120 Ga. App. 380, 381 (2) (170 SE2d 724) (1969) (considering whether variance in corporate name was substantial and whether it appeared from evidence that the names were two separate corporations in determining whether variance was misnomer). Rather, the acronym was a misnomer that abbreviated the corporation's full name. Compare *Pinson*, 191 Ga. App. at 461-462 ("Pinson Air Freight, Inc." was misnomer of "Pinson Air Freight of Chattanooga, Inc."), and *Hawkins*, 166 Ga. App. at 51-52 ("Hawkins Plumbing Co., Inc." was misnomer of "Hawkins Heating & Plumbing Co., Inc."), with *Zuberi v. Gimbert*, 230 Ga. App. 471, 473 (496 SE2d 741) (1998) ("ATM Manufacturing, Inc."

6

was not misnomer of either "ATM America Corp." or "ATM Enterprises, Inc." in part because difference between names were "substantial and [did] not involve the mere abbreviation of a longer, official corporate name") and *Jones v. Burlington Indus.*, 196 Ga. App. 834, 837 (2) (397 SE2d 174) (1990) ("RBJ Textiles" and "RBJ Textiles, Inc." were not misnomers of "RONJON, Inc." in part because there was "*substantial variance in name content*" and the names "on their face appear to be completely separate legal entities") (emphasis in original).

Because the undisputed evidence shows that the Salzer signed the contract on behalf of a corporate principal, identified in the contract by a misnomer, he is not individually liable under the contract, and the trial court did not err in denying the hotel's motion for summary judgment and instead granting summary judgment to Salzer.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.