**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 7, 2020**

# In the Court of Appeals of Georgia

A20A1381.  G & E CONSTRUCTION, LLC v. RUBICON CONSTRUCTION, INC. et al.

McFADDEN, Chief Judge.

G & E Construction, LLC filed a suit on account against Rubicon Construction, Inc., a construction company that has been administratively dissolved. G & E also named as a defendant Jason Insogna, Rubicon's founder, alleging that Insogna is personally liable for the debt. The trial court granted Insogna's motion for summary judgment, and G & E filed this appeal.

G & E argues that Insogna is personally liable under OCGA § 14-2-204, which imposes personal liability on a person who acts on behalf of a non-existent corporation. But we hold that the undisputed evidence shows that Rubicon existed, so the statute does not apply. G & E also argues that questions of fact preclude the

grant of summary judgment on its claim for piercing the corporate veil. But we hold that G & E fails to point to evidence creating a question of material fact on this issue. So we affirm.

1. *Summary judgment standards and undisputed facts.*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *Pazur v. Belcher*, 290 Ga. App. 703, 704 (659 SE2d 804) (2008) (citation and punctuation omitted).

A defendant may demonstrate that there is no genuine issue of material fact, so that he is entitled to judgment as a matter of law,

> by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. . . . Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

2

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

So viewed, the record shows that Insogna formed and incorporated Rubicon in 2002 and was its president. Rubicon was a general contractor that built and remodeled residential properties. Rubicon hired G & E as a subcontractor to complete tile work on various projects. Insogna and his wife hired Rubicon to renovate their personal residence. Rubicon, in turn, hired G & E to work on the house.

Rubicon began experiencing financial problems in 2014. Insogna and his wife divorced and sold the house. Half of the proceeds from the sale went to the former wife's bankruptcy and the other half was used to pay a judgment against Insogna. Rubicon was dissolved in 2017. All the services for which G & E sued were performed before Rubicon was dissolved.

2. *Liability under OCGA § 14-2-204.*

G & E argues that the trial court erred in granting Insogna summary judgment because Insogna is liable for Rubicon's debts under OCGA § 14-2-204. That statute provides: "All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter, are jointly and severally liable for all liabilities created while so acting." OCGA § 14-2-204. "This statute imposes personal

3

liability on one who, with culpable knowledge, incurs liabilities on behalf of a non-existent corporation." *Zuberi v. Gimbert*, 230 Ga. App. 471, 472 (1) (496 SE2d 741) (1998) (punctuation omitted). It applies only when a person purports to act for a corporation while knowing that the corporation does not exist. *Weir v. Kirby Constr. Co.*, 213 Ga. App. 832, 835 (1) (446 SE2d 186) (1994).

Insogna demonstrated that he is entitled to judgment as a matter of law on G & E's claim under OCGA § 14-2-204. Insogna testified in his affidavit that he formed and incorporated Rubicon. And G & E concedes that Rubicon was granted a certificate of incorporation, which is "conclusive proof that the incorporators satisfied all conditions precedent to incorporation except in a proceeding by the state. . . ." OCGA § 14-2-203 (b). See also Ga. Comp. R. & Regs. r. 590-7-1-.01 (7) ("'Certificate of Incorporation' means the certificate issued by the Secretary of State certifying that articles of incorporation have been filed with the Secretary of State pursuant to the Code.").

> In a situation where the existence of the corporate entity is questioned, the controlling factor in determining whether [an individual is liable for entering a contract on behalf of a non-existent corporation] is whether the entity on whose behalf the person entering into the contract purported to act had been issued a certificate of incorporation before the contract was executed. If not, then the contracting agent will be held

4

personally liable for the obligations of the purported corporation thus incurred.

*Pinson v. Hartsfield Intl. Commerce Center*, 191 Ga. App. 459, 461 (382 SE2d 136) (1989) (citing predecessor to OCGA § 14-2-204). Thus the undisputed evidence that Rubicon was granted a certificate of incorporation is conclusive evidence that Rubicon was a corporation and defeats G & E's claim against Insogna under OCGA § 14-2-204.

G & E argues that Insogna's answers during his deposition when questioned about Rubicon's creation and adherence to corporate formalities — that he did not know or did not remember whether Rubicon had an organizational meeting, had a minute book, conducted a board of director's meeting, or issued stock — raises an inference that Rubicon was not properly organized as a corporation and did not observe corporate formalities. See OCGA § 24-14-22. But G & E cites no authority to support the contention that an individual can be held personally liable under OCGA § 14-2-204 for an existing corporation's liabilities simply because that corporation does not observe corporate formalities. So even if the inference G & E proposes could be drawn, the inference would not create an issue of material fact, given the undisputed, conclusive evidence of incorporation.

5

2. *Piercing the corporate veil.*

G & E argues that Insogna's use of Rubicon to renovate his personal residence combined with the inference from Insogna's personal deposition testimony creates a question of fact on the issue of piercing the corporate veil. We disagree.

> We have long recognized that great caution should be exercised by the court in disregarding the corporate entity. However, the court will disregard the separateness of the corporate entity where the corporation has overextended its privileges in the use of the corporate entity to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility.

*Hickman v. Hyzer*, 261 Ga. 38, 39 (1) (401 SE2d 738) (1991) (citation and punctuation omitted). "One who deals with a corporation as such cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable." *Amason v. Whitehead*, 186 Ga. App. 320, 322 (367 SE2d 107) (1988) (citation and punctuation omitted).

Insogna testified in his affidavit that he and his then-wife personally purchased the house with a bank loan; that they hired Rubicon to renovate the house; that Rubicon was approved by the bank as the contractor; and that Rubicon received draws directly from the bank and used those funds to renovate the house, including

6

to pay subcontractors. Insogna also testified that he never shared funds or assets with Rubicon; that he never shared a bank account with Rubicon; and that he never took or gave a loan to Rubicon.

That Insogna hired Rubicon to renovate his personal residence does not create a question of material fact because

> [s]ole ownership of a corporation by one person or another corporation is not a factor, and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Evidence of such abuse can be shown by a commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control.

*Pazur*, 290 Ga. App. at 708 (2) (citations and punctuation omitted). Insogna testified that he hired Rubicon and that Rubicon was paid from draws from Insogna's bank loan, thereby refuting G & E's assertion in its appellate brief that his use of Rubicon to renovate his house amounted to a commingling of assets.

G & E also points to the inference that it claims can be drawn from Insogna's deposition testimony. G & E defines the inference in various ways: that Insogna failed to maintain the corporate form; that Insogna never organized the corporation and never complied with the corporate formalities required to establish or maintain

7

Rubicon's corporate existence; that Rubicon was never formed as a corporation; and that the corporation never existed. Assuming without deciding that any inference regarding the formation of the corporation could be drawn from Insogna's testimony at the deposition taken in his personal capacity as opposed to his capacity as the corporate representative of Rubicon, but see *Fabe v. Floyd*, 199 Ga. App. 322, 333 (2) (405 SE2d 265) (1991) (On Motion for Rehearing), disapproved in part on other grounds, *Martin v. Williams*, 263 Ga. 707, 709-711 & 709 n.2 (3) (438 SE2d 353) (1994) (rebuttable presumption that arises from a party's failure to produce evidence in his possession does not arise if the party has no burden of producing evidence), that inference was rebutted by the undisputed evidence that Rubicon was granted a certificate of incorporation. Consequently, such an inference would not defeat Insogna's motion for summary judgment. *Spencer v. Gary Howard Enterprises*, 256 Ga. App. 599, 601-602 (3) (568 SE2d 763) (2002), overruled on other grounds, *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456 (590 SE2d 807) (2003) (defendant rebutted with clear evidence the presumption that its employee committed tort in scope of his employment, entitling defendant to summary judgment on respondeat superior claim); *Wade v. American Nat. Ins. Co.*, 246 Ga. App. 458, 462-463 (3) (540 SE2d 671) (2000) (defendants rebutted any presumption that they had superior

knowledge of dog's propensity to bite, entitling them to summary judgment). See also *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 778 (257 SE2d 186) (1979) (presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence, which will entitle employer to summary judgment on claim of respondeat superior).

As for an inference that Rubicon did not comply with corporate formalities, although "compliance with some corporate formalities does not preclude a piercing of the corporate veil," *Unified Svcs. v. Home Ins. Co.*, 218 Ga. App. 85, 90 (5) (460 SE2d 545) (1995), G & E has cited no authority, and we have found none, that failing to comply with corporate formalities, absent evidence of wrongdoing, fraud, or bad faith, justifies piercing the corporate veil. *Hickman*, 261 Ga. at 41 (3). Cf. *Jamal v. Hussein*, 237 Ga. App. 779, 783-784 (2) (515 SE2d 407) (1999) (defendants were not entitled to summary judgment on issue of piercing the corporate veil when the record showed no shareholders' or directors' meetings, no issuance of stock, and issues of fact about the defendants' taking cash that belonged to the business without accounting for it).

G & E has failed to point to evidence creating a question of material fact on the issue of Insogna abusing "the forms by which the [corporation] was maintained as a separate legal entity apart from his personal business." *Bonner v. Brunson*, 262 Ga. App. 521, 522 (585 SE2d 917) (2003). "[T]his case is a classic example of a failed business, and not a case of wrongdoing, fraud and bad faith on the part of a corporate president. The present record does not create an issue of fact for the jury regarding piercing the corporate veil." *Hickman*, 261 Ga. 41 (3). Cf. *Christopher v. Sinyard*, 313 Ga. App. 866 (723 SE2d 78) (2012) (in non-jury trial, trial court did not err in finding individuals to be personally liable for corporate debt when individuals commingled properties, records, and control; ignored the corporate formalities required by law; the corporation was undercapitalized; and one of the individuals committed fraud).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*